UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL LUNA; AND NATALIA LUNA,<br><br>                               Plaintiffs,<br>vs.<br><br>GREENLIGHT FINANCIAL SERVICES, M.E.R.S., NDEX WEST, LLC/AMERICAS SERVICING; BANK OF AMERICA NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, UNIDENTIFIED JOHN AND JANE DOES,<br>                               Defendants. | CASE NO. 13cv623-GPC(JMA)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO PROCEED *IN FORMA PAUPERIS* AND *SUA SPONTE* DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Dkt. No. 2.] |

      Plaintiffs Raul Luna and Natalia Luna, proceeding *pro se*, commenced this action against Defendants regarding the wrongful foreclosure of their home. Plaintiffs concurrently filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). For the following reasons, the Court DENIES Plaintiffs' motion to proceed IFP, but *sua sponte* DISMISSES their suit for lack of jurisdiction.

**Discussion**

**I.     Motion to Proceed IFP**

      Plaintiffs move to proceed IFP under 28 U.S.C. § 1915(a). Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee

if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. Here, Plaintiffs submit a declaration of their assets. Based on the answers, it appears that they are able to pay the filing fee. One of the plaintiffs is currently employed and makes $3000 per month, owns a car and has no debt. However, Plaintiffs do have monthly payments to support their family. Plaintiffs also provide conflicting information. While they state that they do not own any real estate, they state that they have a $1800 mortgage payment. Accordingly, the Court concludes that Plaintiffs fail to meet the requirements to proceed IFP and DENIES their request to proceed IFP.

## II.  *Sua Sponte* Dismissal for Lack of Subject Matter Jurisdiction

It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94-95 (1998). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Federal courts are courts of limited jurisdiction. Unlike state courts, they have no "inherent" or "general" subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal question, or to which the United States is a party. See Finley v. United States, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

Here, Plaintiffs allege that their "deed of trust violates due process as a contract of adhesion;" "deed of trust violates due process as a cognovit note"; and they seek relief under the Declaratory Judgment Act. In the complaint, Plaintiffs cite the due

process provision in the California Constitution. Based on the allegations in the complaint, it is not clear whether Plaintiff is asserting a violation under federal or state law. As a result, these allegations do not give rise to a federal question or diversity jurisdiction. Moreover, the United States is not a party to this case. Plaintiffs do not state a sufficient basis for federal subject matter jurisdiction over his case. Accordingly the Court *sua sponte* DISMISSES the complaint for lack of subject matter jurisdiction.

### Conclusion

For the reasons set forth above, the Court DENIES Plaintiffs' motion to proceed IFP and *sua sponte* DISMISSES the Complaint for lack of subject matter jurisdiction. The Court GRANTS Plaintiffs 45 days from the date this Order is stamped "Filed" to file an amended complaint that addresses the deficiencies of pleading set forth above. Plaintiffs' amended complaint must be complete in itself without reference to the superseded pleading. Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

IT IS SO ORDERED.

DATED: May 15, 2013

HON. GONZALO P. CURIEL
United States District Judge